JERRY WAYNE LOUIS V. STATE OF TEXAS



NO. 07-00-0151-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 18, 2000


____________________________________



JERRY WAYNE LOUIS,


 

 Appellant


v.



THE STATE OF TEXAS,


 

 Appellee

____________________________________



FROM THE 230th DISTRICT COURT OF HARRIS COUNTY;



NO. 826,655; HON. BELINDA HILL, PRESIDING


____________________________________



ABATE AND REMAND


____________________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Upon a plea of not guilty, Jerry Wayne Louis (appellant) was convicted by a jury of
bail jumping. After pleading true to two enhancement paragraphs, the jury assessed
punishment at forty-five years confinement. Appellant timely filed his notice of appeal. The
clerk's record was filed on April 11, 2000. A motion for extension of time in which to file
the reporter's record was granted until May 3, 2000. A second motion for extension of time
to file the reporter's record was granted to June 30, 2000 at which time the court reporter
failed to file it. By letter dated July 20, 2000, this court notified the court reporter that the
reporter's record was due and to contact this court within ten days from the date of said
letter regarding when the record would be filed. On July 31, 2000, the court reporter
notified this court by letter that she had received partial payment for the record, that she
anticipated receiving full payment prior to July 31, 2000, and that she would file the record
on that date. On August 7, 2000, this court was notified by the court reporter via telephone
that she had not yet received full payment and that she would be unable to file a complete
record. See Tex. R. App. P. 35.3(b)(3). Thus, we now abate this appeal and remand the
cause to the 230th Judicial District Court (trial court) for further proceedings. See Tex. R.
App. P. 37.3(a)(2).

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine: 

 1) whether appellant desires to prosecute this appeal; 

 2) whether appellant is indigent; 

 3) if appellant is indigent, whether appellant is entitled to a free record; and,

 4) if appellant is not indigent, then by what date must appellant pay for the reporter's record in full and by what date must the reporter complete and file
the reporter's record with this court. 


 The trial court shall cause the hearing to be transcribed and included in a
supplemental reporter's record. Should it be determined that appellant does want to
continue the appeal and is indigent, then the trial court shall also enter such orders as are
necessary to assure appellant a free record. The trial court shall execute findings of fact
and conclusions of law addressing the aforementioned issues, and cause its findings and
conclusions to be included in a supplemental clerk's record. All orders executed by the trial
court pursuant to our directives herein must also be included in the supplemental clerk's
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the clerk of this court by September 18, 2000. Should
additional time be needed to perform these tasks, the trial court may request same on or
before September 18, 2000. 

 It is so ordered. 

 Per Curiam 


Do not publish.

 



g to indicate relator has brought his motion to
the attention of the trial court (2) by requesting a hearing or otherwise, or that such request
has been denied. This omission requires denial of relator's petition. 832 S.W.2d at 426.

 Relator's petition also fails to meet the mandatory requirements of Rule of Appellate
Procedure 52. Rule 52.3(j)(1) requires the petition to include a certified or sworn copy of
any "document showing the matter complained of." Relator's petition includes a copy of
the motion he asserts he filed in the trial court. The document does not bear a file mark
and the unsworn declaration in his petition does not purport to authenticate that document. 
We would be unable to conclude the document was properly before the trial court. See
Barnes, 832 S.W.2d at 427. For these reasons, relator's petition for writ of mandamus
must be, and is, denied.

 

 James T. Campbell

 Justice







1. Relator does not address the effect of the trial court's abatement of the underlying
suit on the reasonable time for ruling on pending motions. 
2. That a document is filed with a court's clerk does not necessarily mean that the
judge is aware of it. See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001) (orig.
proceeding).